Rattle, J.
 

 The main question presented by the pleadings is involved in the construction of the following clause in the will of the late Alexander
 
 W.
 
 Brandon:
 
 “Now, if
 
 my estate should amount to more than the sums of money which I have given and devised in the above legacies to the several named persons, in that event, the balance that shall remain, after paying all the legacies, shall be divided into three shares or parts, and that Thomas Cowan and the children of James L. Cowan have one part or share, and the children of George Locke one part or share, and the children of John S. Brandon one part or share; the part or share that shall fall to each family is to be equally divided, share and share alike.”
 

 At the time of the testator’s death, James L. Cowan had three children only, but another was born to him within less than nine months afterwards, and having been, therefore,
 
 in ventre sa mere
 
 at that time, he is entitled to take with the others. Thomas Cowan claims one half of the third part or share of the residue, while the children of his brother, James L. Cowan, contend that he is entitled to an equal share only with each of them; that is, to one-fifth part of such part or share. If this clause of the will stood alone, we might think that the claim of James’ children was right; but viewing it in connection with other parts of the will, we are led to the conclusion that such was not the intention of the testator. In the fourth item, he gives to his nephew Thomas Cowan, one thousand
 
 *439
 
 dollars ; and in the fifth, he gives the same amount to the children of his nephew James L. Cowan. He thus indicates a purpose to place his nephew Thomas upon an equal footing with the children of his nephew James, considering such children as a unit, and standing in the place of their father. Why he gave nothing to James himself, does not appear. Whether he was not so great a favorite with the testator as was his brother Thomas, or whether he was an unsafe depository of his uncle’s bounty we are not informed. But whatever may have been the reason why his uncle overlooked him, we are not at liberty to presume that the testator intended a greater bounty for him indirectly, by giving it to his children, than he did for his nephew Thomas, who is particularly indicated as one of the objectá of his regard.
 

 In support of the idea that Thomas was intended to have as much of the third part of the residue, as all the children of James together, the words “ each family” in the latter part of the clause in question may, by a construction not at all strained, be referred to “the children” of the three persons previously mentioned, making an equal division among each set of children, of the part or share which it took. Indeed, this seems to be the most natural construction; for Thomas is mentioned as a distinct person, while the children are described as a class; and Thomas and his brother’s children could not properly be called one family, while each set of children could, with the strictest propriety, be denominated “ each family.” Eor these reasons, we are of opinion that Thomas Cowan is entitled to one-half of one-third, or one-sixth of the whole, of the residue.
 

 We are clearly of opinion that bequests to the trustees of Davidson college, and to the elders of Thyatira church are liable to the tax imposed by the 7th section of the 99th chapter of the Eevised Code, title Eevenue. The words of the act contain no exception in favor of the college or church, and the property will not he exempt from taxation until they receive it.
 

 Pee, CuRIAjj. A decree may be drawn in accordance with this opinion.